IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL M. JAHANIAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1795 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Krystal M. Jahanian, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss [Doc. # 8], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Jahanian has not filed a reply and her time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.     BACKGROUND**

A local grand jury returned an indictment against Jahanian in cause number 1059703, charging her with engaging in organized criminal activity. At trial, the State presented evidence that Jahanian and other members of her family actively participated in a scheme to defraud several different stores by obtaining merchandise well below cost by switching labels or UPC codes for high-end items with lower-priced goods. The family would then sell the merchandise on eBay for a profit. A jury in the 183rd District Court for Harris County,

Texas, found Jahanian guilty as charged and sentenced her to a 25-year term of imprisonment on August 20, 2007. An intermediate court of appeals affirmed the conviction in an unpublished opinion. *See Jahanian v. State*, No. 14-07-00702-CR, 2009 WL 1493003 (Tex. App. — Houston [14th Dist.] May 28, 2009). Thereafter, on November 4, 2009, the Texas Court of Criminal Appeals refused Jahanian's petition for discretionary review. She did not appeal further.

Jahanian now seeks a writ of habeas corpus to challenge her conviction under 28 U.S.C. § 2254. In the pending petition, which was filed on April 7, 2011,[1] Jahanian contends that she is entitled to relief for the following reasons: (1) she was denied due process because the indictment did not afford adequate notice of the charges against her; (2) the trial court erred by denying her motion for directed verdict; (3) the jury instructions were defective; and (4) she was denied effective assistance of counsel because her attorney failed to file a motion to quash the indictment, to raise an objection to the admission of a co-defendant's account ledger, and to object to testimony from a co-defendant. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations

---

[1] The Clerk's Office received the petition on May 11, 2011, and filed it that same day. Although it is post-marked May 9, 2011, Jahanian executed the petition on April 7, 2011, claiming that she placed it in the "prison mailing system" on that date. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). The Court notes that Jahanian was released from prison onto parole on July 1, 2009, and is no longer incarcerated. Nevertheless, using the date most favorable to Jahanian, the Court will consider the case filed on April 7, 2011, for purposes of deciding the respondent's motion.

found in 28 U.S.C. § 2244(d). The motion is addressed below under the applicable habeas corpus statutes.

## II. DISCUSSION

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Jahanian challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As outlined above, Jahanian was convicted on August 20, 2007, her conviction was affirmed on May 28, 2009, and the Texas Court of Criminal Appeals refused her petition for discretionary review on November 4, 2009. Although Jahanian did not file

a petition for a writ of certiorari with the United States Supreme Court, her time to do so expired on February 2, 2010. *See* SUP. CT. R. 13.1. That date triggered the statute of limitations found in the AEDPA, which expired one year later on February 2, 2011. Thus, Jahanian's pending federal habeas corpus petition, executed on April 7, 2011, is late by 64 days and is therefore time-barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that, on September 23, 2010, Jahanian filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Jahanian was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied the application without a written order on November 17, 2010. *See Ex parte Jahanian*, No. 74,923-01. This application, which was pending for a total of 48 days, extended the deadline to pursue habeas corpus relief in federal court from February 2, 2011, until March 21, 2011. Jahanian's pending federal habeas corpus petition, which is dated April 7, 2011, remains untimely under 28 U.S.C. § 2244(d)(1)(A).

Jahanian has not filed a reply to the respondent's motion to dismiss and has offered no explanation for her delay in seeking habeas corpus review. Neither the pleadings nor the record disclose any other basis for statutory or equitable tolling of the limitations period. In that regard, Jahanian does not demonstrate that she was subject to state action that impeded her from filing her petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). There is no

showing of a newly recognized constitutional right upon which the petition is based, and there is no factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Because Jahanian makes no effort to show that she was prevented from filing a timely petition, equitable tolling is not available. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). Because Jahanian has not established a valid basis to extend the deadline for federal review, her petition must be dismissed as barred by the governing one-year limitations period.

## III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

### IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 8] is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 28</u>, 2011.

_____
Nancy F. Atlas
United States District Judge